Smith, J.
(dissenting). The Legislature amended Education Law § 3020 (1) effective September 1, 1994, to require that *512 tenured teachers and other educators be allowed to elect the procedures contained in Education Law § 3020-a in preference to any other procedures that might be provided in a collective bargaining agreement. The amendment contained a grandfather clause, allowing discipline “in accordance with alternate disciplinary procedures contained in a collective bargaining agreement . . . that was effective on or before September first, nineteen hundred ninety four and has been unaltered by renegotiation.” The majority interprets the words “and has been unaltered by renegotiation” in a way that gives them substantially no effect. Under today’s decision, the Legislature was wasting its time when it put those six words in the statute.
The School District here seeks to enforce alternative disciplinary procedures that have been preserved unchanged in collective bargaining agreements with petitioner’s union since at least 1992. The majority says that these procedures are not within the grandfather clause because, though the procedures have been continued in existence, they are not in the same agreement that they once were; the collective bargaining agreement has been replaced by successor agreements, and its terms have been altered in ways irrelevant here, several times since September 1, 1994.
The majority makes no attempt to answer the question: What was the Legislature trying to accomplish when it wrote the words “and has been unaltered by renegotiation”? If those words were not there, the statute would mean essentially the same thing that the majority says it means. It would grandfather disciplinary procedures “contained in a collective bargaining agreement . . . that was effective on or before” September 1, 1994. It seems to me that the obvious purpose of the “unaltered by renegotiation” language is to extend the grandfather clause’s protection to procedures that remain unaltered in subsequent agreements.
The majority makes essentially two arguments in defense of its reading of the statute. First, it points out that grammatically only the singular noun “agreement,” not the plural noun “procedures,” can be the subject of the verb “has been unaltered.” Secondly, it says that the School District’s interpretation is “at odds with” the Legislature’s “manifest purpose of eventually ensuring that all tenured educators will have the nonnegotiable right to avail themselves” of section 3020-a procedures (majority op at 510). I concede the grammatical *513 point, but it seems to me much more likely that the Legislature made a grammatical error than that it intended the words “and has been unaltered by renegotiation” to be inconsequential. The majority’s other point seems to me without force. Every grandfather clause makes an exception to the accomplishment of the legislative purpose. That is what a grandfather clause is.
Judges Graffeo, Rivera and Abdus-Salaam concur; Judge Smith dissents in an opinion in which Judges Read and Pigott concur.
Order affirmed, with costs.